353 So.2d 902 (1977)
Mary Jane RATHBURN, Appellant,
v.
STATE of Florida, Appellee.
No. 76-2199.
District Court of Appeal of Florida, Fourth District.
December 28, 1977.
Richard L. Jorandby, Public Defender, Marc R. Goldstein, Asst. Public Defender, and Frank B. Kessler, Chief, Appellate Division, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Harry M. Hipler, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
This is an appeal from an order revoking appellant's probation. The only violation charged was that appellant had missed one of a series of scheduled meetings in a rehabilitation program in which appellant participated at the direction of her probation supervisor. We reverse.
The appellant was assigned to a program which required her attendance each day from noon until early evening and some nights. The director of the program testified that appellant attended the program on a Monday afternoon until close to 6:00 p.m., at which time he instructed her to return at 6:30 p.m. for another meeting. The appellant testified that she was told to return at 6:30 p.m., but that in written materials given her it was stated that the Monday evening meeting was a parents' meeting. Accordingly, shortly after 6:00 p.m., she telephoned her parents who advised her that they could not attend the meeting. Appellant then called the director's office and left a message with the answering service that neither she or her parents would be at the meeting. She then went home and spent the evening watching television with her parents.
*903 Both her mother and the director confirmed the appellant's testimony about the phone calls she made. The director also confirmed the fact that a parents' meeting was scheduled for Monday evening, but he stated that the parents' meeting was at 7:30 p.m. and he had made it clear to appellant that she was to return at 6:30 p.m. The next day appellant returned for the daytime session of the program and when confronted with her absence from the the 6:30 p.m. meeting explained that she had misunderstood the instructions and that she thought that since her parents could not attend that she did not have to attend. The director advised her that he thought she had simply used her parents' absence as an excuse but that "maybe somehow or another there was a misunderstanding." He also testified that he certainly would not terminate her from the program because of the incident and he explained:
We do not terminate because there are misunderstandings or even because there are occasionally games. That is part of the rehabilitative process.
At the conclusion of the hearing the prosecution joined with the appellant's counsel in urging the trial court not to revoke appellant's probation. The trial court revoked the appellant's probation and sentenced her to two (2) years in prison.
A probation revocation hearing is not a criminal trial. At such a hearing the trial judge is not required to follow the strict rules of evidence. The trial court may resolve issues of fact at such a hearing by the greater weight of the evidence. However, a violation of probation, to support revocation, must be of a substantial nature in considering all of the terms of probation imposed. Wheeler v. State, 344 So.2d 630 (Fla. 2d DCA 1977); Bienz v. State, 343 So.2d 913 (Fla. 4th DCA 1977); Freeman v. State, 329 So.2d 413 (Fla. 4th DCA 1976); Singletary v. State, 290 So.2d 116 (Fla. 4th DCA 1974). The record here does not reveal a substantial violation of probation. There was no criminal conduct involved. The program director conceded that the incident may have resulted from a misunderstanding and the appellant continued in the program. Most importantly, the director indicated that appellant should continue in the program and that the incident, whether intentional or negligent, was a normal part of the rehabilitative process facilitated by the program. There is some indication in the record of the appellant's past record of absenteeism in another program. However, that conduct was not charged as a violation here; and we cannot consider whether such conduct coupled with the incident involved here would constitute a substantial violation. The judgment of the trial court is hereby reversed with directions that the appellant's probation be reinstated.
LETTS, J., and DAKAN, STEPHEN LEE, Associate Judge, concur.