408 So.2d 1075 (1982)
Ricky Inez GRIMSLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1106.
District Court of Appeal of Florida, Second District.
January 13, 1982.
Jerry Hill, Public Defender, and William H. Pasch, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and David T. Weisbrod, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Ricky Inez Grimsley appeals the revocation of his probation. The trial court found him to have violated conditions (7), requiring appellant to comply with the instructions of his probation supervisor, and (9), requiring him to make restitution, as well as failing to comply with section 945.30, Florida Statutes (1979), requiring him to contribute $10.00 per month toward the cost of his supervision. Appellant was given a split sentence of three years in prison to be followed by one year on probation.
The trial court had adjudicated appellant insolvent at the time of entry of the order of probation, and there was no evidence presented concerning whether or not appellant was able to make restitution or pay the costs of supervision. Thus revocation on those grounds was improper. Coxon v. State, 365 So.2d 1067 (Fla.2d DCA 1979).
The finding of a violation of condition (7), failure to comply with the probation supervisor's instructions to report monthly to the Sheriff's Office in Clewiston, is supported by substantial, competent evidence but is a technical violation. Nevertheless, it is clear to us from the court's comments that the trial court was incensed at appellant's complete lack of effort to contact his probation supervisor and his complete indifference to his obligations under his probation order and that the technical nature of this violation was not a mitigating factor in the eyes of the trial court. We are satisfied that the trial court would have revoked appellant's probation on this ground alone.
Accordingly, appellant's judgment and sentence is AFFIRMED. However, this affirmance is without prejudice to appellant's raising the illegality of his sentence under Villery v. Florida Parole & Probation Commission, *1076 396 So.2d 1107 (Fla. 1980), by way of a Florida Rule of Criminal Procedure 3.850 motion filed in the trial court.
HOBSON, A.C.J., and OTT, J., concur.