584 So.2d 139 (1991)
Brian Paul GOLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2237.
District Court of Appeal of Florida, Fifth District.
August 8, 1991.
*140 James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Judy Taylor Rush, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
Brian Paul Goley appeals an order revoking the probation originally imposed upon him on August 21, 1989, pursuant to his plea of guilty to two counts of sexual offenses upon a child over the age of twelve but under the age of eighteen years. The circuit court found that he was guilty of a violation of condition eight which stated:
You will promptly and truthfully answer all inquiries directed to you by the court or the probation officer, and allow the officer to visit your home, at your employment site or elsewhere, and you will comply with all instructions he may give you.
The court revoked the ten-year period of probation and sentenced Goley to twelve years in the Department of Corrections. We reverse.
Form DC4-924 (11/82) is used by a probationer to request special authorization for a trip and by the Department of Corrections (DOC) to show approval of the request and to give any special instructions relative to the trip. Goley had applied for and had been granted authorization to travel to Tampa on December 9, 1989, so that he could accompany his wife on a shopping trip. One of the written instructions was to report to his probation officer by phone on the first working day after he returned. Goley complied with the instructions.
On June 15, 1990, Goley again applied for authorization to travel. He wished to go to Tampa on Saturday, June 23, 1990, this time to pick up his daughter who was arriving at the Tampa airport and who intended to reside in Florida. A travel permit was especially important since one of the conditions of probation was that there was to be no contact between Goley and his daughter without supervision by Goley's wife or a representative from the Department of Health and Rehabilitative Services. The probation officer made written special entries on the form, indicating that Goley's wife was to accompany him on the trip, that he was to abide by all conditions of probation, that he was to report any contact with law enforcement officials, and that there would be no overnight stay on the one-day trip. The probation officer testified that she additionally orally instructed Goley to report back to her no later than Monday, June 25, 1990, and inform her of where his daughter would be residing.
On June 26, 1990, Goley and his wife again appeared before the probation officer and inquired about authorization for another trip. When Goley volunteered nothing about the report due the day prior, the probation officer inquired. Goley responded that the daughter would be residing with her sister during the evening hours and with her mother during the day. The *141 probation officer then advised him that he had violated the conditions of his probation by not reporting the previous day as specifically instructed on June 15, 1990.
Goley testified that he understood the oral instruction to be that he was to report the following week after picking up his daughter to inform the officer of the living arrangements. Goley believed that he had until the Friday following the trip, which would have been June 29.
The trial court found that the oral instruction given to Goley on June 15 was to report no later than June 25, that it was reasonable and appropriate, and that a violation of the conditions of probation had occurred. We are called upon to determine whether the violation meets the willful and substantial test of Kolovrat v. State, 574 So.2d 294 (Fla. 5th DCA 1991), and whether Goley violated his probation in any material respect so as to support revocation under section 948.06, Florida Statutes (1989).
Where the greater weight of the evidence supports a trial judge's finding that a probationer has violated a condition of probation, the decision whether to revoke probation is a matter which rests in the sound discretion of the trial judge. Kolovrat, 574 So.2d at 297; Brown v. State, 455 So.2d 635 (Fla. 5th DCA 1984). The failure to follow routine supervisory instructions given by a probation officer is a proper ground for revocation. See generally Haynes v. State, 440 So.2d 661, 662 (Fla. 1st DCA 1983); Chappell v. State, 429 So.2d 84, 85 (Fla. 5th DCA 1983); Grimsley v. State, 408 So.2d 1075 (Fla. 2d DCA 1982).
In the cases cited, the courts have found multiple probation violations, a complete indifference to compliance with conditions of probation, or a failure of the probationer to file more than one report. The Second District Court of Appeal recently considered whether a single failure to file a report timely constituted a material violation and determined that such an action which was subsequently rectified by the probationer himself could not be deemed a substantial violation supportive of a revocation. Glenn v. State, 558 So.2d 513 (Fla. 2d DCA 1990). In the instant case, a 24-hour delay in the receipt of the required report by the probation officer during a visit by the probationer for another reason cannot be classified by itself as a substantial violation. Additionally, the probation officer's failure to note the imposition of the reporting condition on form DC4-924, as was accomplished on the earlier permit, supports Goley's assertion that, if he were to report by June 25, it was his confusion as to the date, not his willfulness, that led to the violation.
We vacate the sentence of twelve years in the DOC and instruct the trial court to reinstate the conditions of probation. We have little doubt that Goley's stay in the DOC, although a brief stay, will cause him to be keenly attentive to his probation officer's instructions in the future.
REVERSED and REMANDED.
GOSHORN, C.J., concurs.
GRIFFIN, J., dissents without opinion.