ALTENBERND, Acting Chief Judge.
Kathleen Kelly appeals the trial court’s order revoking her community control and imposing a sentence of 180 months’ imprisonment. We reverse because the State did not prove a willful and substantial violation of probation at the abbreviated hearing on the violation.
In September 1996, Ms. Kelly had a major domestic dispute with her ex-husband and another family member. As a result, she was charged with five felonies and two misdemeanors, the most serious of which was aggravated battery with a deadly weapon. She raised the defense of battered spouse syndrome to these charges. Probably because she had no prior record, the State negotiated a plea with Ms. Kelly in which she pleaded guilty in exchange for sentences totaling 2 years’ community control followed by 5 years’ probation. This was a substantial downward departure from the 140-month sentence recommended by the guidelines scoresheet.
Approximately a month after sentencing, the State filed an affidavit of violation concerning condition (9). Standard condition (9) requires a person on community control to promptly and truthfully answer all inquiries directed to the person by the court and to comply with all instructions given by the community control officer. In this case, Ms. Kelly was required to wear a monitoring device on her ankle. It is undisputed that the device was removed. The State maintained that Ms. Kelly violated her community control by allowing the device to be removed, by not reporting its removal to her officer, and by lying to her officer about the circumstances of its removal.
The hearing on this violation is unusually abbreviated. No community control officer *1008 testified. Ms. Kelly was provided with counsel and then was immediately placed on the stand to provide her version of the incident. The only evidence at the hearing is Ms. Kelly’s. She testified that her boyfriend forcefully removed the monitoring device during an altercation. During that event, her eyes were blackened and her nose broken. It is undisputed in this record that her boyfriend was charged and convicted of aggravated battery for his conduct during this event. He was sentenced to 4i¿ years’ imprisonment.
Initially, Ms. Kelly told the police and her community control officer that she had accidentally cut the monitor from her own ankle while using a shovel. Although the timing of events is somewhat unclear from the record, the monitor was apparently removed on a Monday. Ms. Kelly glued it back on and the officer did not notice this condition on the following day when he visited. Within a week of the event, she went to the community control office. When confronted about her physical injuries and the fact that her community control officer doubted the story about the shovel, she admitted that she had been battered and told her community control officer the truth. During the hearing, Ms. Kelly represented that her community control officer had already offered to testify on her behalf if someone would subpoena him.
The trial court did not find that Ms. Kelly removed her own monitor. Instead, the trial court decided that Ms. Kelly had violated community control by lying to her officer. It is undisputed that Ms. Kelly did not initially volunteer the truth to her community control officer. The more difficult question in this case is whether this conduct constitutes a willful and substantial violation of condition (9). Ms. Kelly apparently was honest with the court. The question is whether she “promptly and truthfully” answered inquiries directed to her by her community control officer. The record does not establish when an inquiry was made to Ms. Kelly by her officer about the monitor. Given the nature of the beating she had received and her circumstances at the time, the record does not establish by the preponderance of the evidence that Ms. Kelly willfully delayed an honest answer to the community control officer beyond a period that should be fairly described as “prompt” in this case. Without conflicting testimony from the community control officer, the State did not prove this violation. See Goley v. State, 584 So.2d 139 (Fla. 5th DCA 1991); Glenn v. State, 558 So.2d 513 (Fla. 2d DCA 1990).
Reversed and remanded.
WHATLEY and CASANUEVA, JJ., Concur.