774 So.2d 940 (2001)
Michael David BENEDICT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-3935.
District Court of Appeal of Florida, Second District.
January 5, 2001.
James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Appellee.
*941 PATTERSON, Chief Judge.
Michael Benedict appeals from the order revoking his probation and the sentence imposed upon him for lewd act upon a child. He argues that his violation of probation was not willful and substantial. We agree and reverse.
While on probation, Benedict lived with his boss, Richard Jenkins, for about a year until Jenkins' daughter's marital difficulties caused her and her children to move to Jenkins' house. The terms of Benedict's probation did not prohibit him from coming in contact with children. Benedict was only prohibited from any contact with the victim in the case. Nonetheless, his sex-offender treatment program group recommended that he move out of Jenkins' house. Thereafter, Benedict arranged to temporarily stay at the apartment of a friend, Angela Pierson, while she and her children lived elsewhere. He told his probation officer where he was living, but claimed that the apartment belonged to Pierson's boyfriend, John.
Pierson appeared with her children at the apartment occasionally without Benedict's prior knowledge. The apartment manager notified the probation office that Benedict was living in Pierson's apartment and that she had seen children at the apartment. Benedict's probation officer filed an affidavit of violation alleging that Benedict had not told her that Pierson was the actual lessee of the apartment. Benedict was alleged to have violated probation condition 10, which provides: "You will promptly and truthfully answer all inquiries directed to you by the Court or the Probation/ Community Control Officer, and allow the Officer to visit in your home, at your employment site or elsewhere, and you will comply with all instructions he may give you."
At the revocation of probation hearing, Benedict admitted that he was not completely truthful with his probation officer as to the lessee of the apartment. The trial court revoked Benedict's probation on that basis. Although a trial court has broad discretion to determine whether a term of probation has been violated, see Harris v. State, 610 So.2d 36 (Fla. 2d DCA 1992), we hold that the trial court abused its discretion in this case. The court's revocation was an unduly harsh result considering Benedict's sincere attempts to comply with the terms of his probation. When a probationer has made reasonable efforts to comply with the terms of probation, his failure to do so will not be held to be willful. See Thorpe v. State, 642 So.2d 629 (Fla. 1st DCA 1994). Benedict's conduct has not shown that he is unfit for probation. See Washington v. State, 579 So.2d 400 (Fla. 5th DCA 1991). To the contrary, the record shows that Benedict worked religiously at his sex-offender treatment program and brought the problem with his living situation to the group's attention. He found himself homeless and made a reasonable attempt to find a place to live temporarily where there were no children. Although he was not completely candid as to the identity of the apartment's lessee, he did tell his probation officer where he was living. For these reasons, we hold that the violation was not substantial and reverse.
Reversed.
ALTENBERND and CASANUEVA, JJ., concur.