776 So.2d 329 (2001)
Anthony D. BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1671.
District Court of Appeal of Florida, Fifth District.
January 12, 2001.
James B. Gibson, Public Defender, and Barbara C. Davis, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, R.B., J.
Appellant Anthony Brown appeals the trial court's order revoking his probation. Brown asserts that he did not substantially violate the conditions of his probation. We find no error and affirm.
On July 12, 1999, Brown pled nolo contendere to charges of Sale or Delivery of Cocaine, Possession of Cocaine and Uttering a Forged Instrument. As a result of a plea agreement, Brown was sentenced to four years supervised probation. Brown reported to his probation officer for the first and only time on July 19, 1999. Since *330 the probation officer had not yet received his file, she instructed Brown to contact her on July 26 to make an appointment to report back to the probation office to finish going over the file and the probation order.
Brown failed to report or to contact the probation officer as instructed on July 26. On July 28, the probation officer telephoned Brown's mother to determine his whereabouts. Brown's mother said that she had not seen him in days and did not know if he was still alive. When Brown returned home, his mother told him that he was to call his probation officer, though he never did so.[1]
The trial judge found that Brown had violated the terms of this probation order by ignoring his officer's instructions to call in or to report on July 26.[2]
A violation which triggers revocation of probation must be willful and substantial. Burgin v. State, 623 So.2d 575, 576 (Fla. 1st DCA 1993). Whether a violation is willful and substantial is a question of fact that will not be overturned on appeal unless the record shows no evidence to support the determination. Manon v. State, 740 So.2d 1253, 1256 (Fla. 3d DCA 1999). In this case, Brown's probation order required him to "comply with all instructions [his] officer may give [him]." His probation officer instructed him to report or to contact her on July 26, 1999, so that an appointment could be made to complete his initial review. Brown failed to call in or report as instructed.
Brown claims that his failure to follow the instructions of his probation officer is not a "substantial" violation. However, this court has previously stated that "[t]he failure to follow routine supervisory instructions given by a probation officer is a proper ground for revocation." Goley v. State, 584 So.2d 139, 141 (Fla. 5th DCA 1991). In this case, Brown not only failed to call in or to report on the day required, but he failed to report at all.[3] This shows "a complete indifference to compliance with [the] conditions of probation." Goley, 584 So.2d at 141.
AFFIRMED.
COBB and SAWAYA, JJ., concur.
NOTES
[1] The record is unclear as to the date Brown first returned home after the probation officer's call.
[2] Condition 9 of the standard conditions of probation provides that the defendant will, "[C]omply with all instructions your officer may give you."
[3] Brown apparently thought that his monthly reporting period was between the 8th and 14th of each month. Although the arrest warrant was issued on August 2, Brown was not taken into custody until August 20, six days after he thought he was required to, but did not, make his monthly report.