993 So.2d 1172 (2008)
Denise ANDL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-3083.
District Court of Appeal of Florida, Fifth District.
November 7, 2008.
*1173 James S. Purdy, Public Defender, and Robert E. Wildridge, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
COHEN, J.
Appellant, Denise Andl, challenges the revocation of her probation and consequent three-year prison sentence for uttering a forged check. The affidavit of violation of probation alleged that she failed to promptly and truthfully answer inquiries. Finding the violation willful, but not substantial, we reverse.
The State's sole witness at the probation violation hearing was Ms. Andl's probation officer. The probation officer testified that their office received a call from the Citrus County Sheriff's Office that Andl and a male companion were in an area of Citrus County noted for drug activity. The male companion had been arrested for possession of cocaine. Based upon the reports and address where the officers took Andl, the probation officer began looking for her. While searching for Andl, the probation officer was informed that she had called into the probation office hysterically reporting that her brother had just been killed in an automobile accident. After several false leads, he finally located her coming out of a motel that was not her approved residence.[1] The probation officer approached Andl, who was still hysterical, and she repeated the story that her brother had just been killed and insisted she be allowed to leave the county to be with her family in their hour of need. Based upon prior dealings, the probation officer did not believe Andl. The answers she gave to the probation officer's questions did nothing to dispel his distrust, and her story quickly unraveled when the probation officer made phone calls to verify the story.[2] Believing Andl might have consumed illegal drugs, Andl was transported to the probation office where she tested negative for drug use.
On cross-examination, the probation officer explained that Andl had been drug-tested the previous day, also with negative results. Andl was on a number of psychotropic medications and had recently been Baker-Acted. She did not have any new law violations, positive drug screens, or other incidents of untruthful statements. *1174 At all times, she was compliant with court orders relative to restitution, court costs, cost of supervision, community service, and treatment.
Under these circumstances, while her lie to the probation officer was willful, we cannot conclude it was substantial so as to warrant finding a violation of probation. Andl was not attempting to avoid a drug test or otherwise evade her probation obligations. The evidence reflected that she had not consumed any illegal drugs. In other respects, she performed well on probation. The only explanation found in the record were the remarks Andl made prior to sentencing. She explained that she had been struggling with the dosage of her medications, had been laid off from work, was in the motel room alone, and wanted to go to Ocala and see her family. No justification existed for lying to the probation officer, and it resulted in an unnecessary expenditure of time and effort. However, it did not rise to the level of a material violation or warrant a sentence of three years in the Department of Corrections. See Benedict v. State, 774 So.2d 940, 941 (Fla. 2d DCA 2001).
Importantly, this opinion should not be read as a license to be untruthful to the inquiries of a probation or community control official. Generally, such conduct is a substantial and material violation of probation or community control. This decision, involving a probationer with mental health issues who had been making reasonable efforts to comply with the terms of her probation, is restricted to its facts.
REVERSED and REMANDED.
MONACO and EVANDER, JJ., concur.
NOTES
[1] This was not alleged as a violation of probation.
[2] The probation officer's instinct proved prophetic when he was able to reach the brother who was undoubtedly surprised to learn of his untimely death.