KHOUZAM, Judge.
Julio Ortiz appeals the revocation of his probation and the resulting sentence for failure to report his status as a sex offender. Ortiz argues that the trial court abused its discretion in determining that he willfully and substantially violated condition nine of his probation by failing to promptly and truthfully answer his probation officer’s inquiries. We agree and reverse.
In October 2008, Ortiz pleaded guilty to one count of failure to report his status as a sex offender and was placed on probation for thirty-six months. On April 30, 2009, an affidavit of violation of probation was filed alleging that Ortiz had twice violated condition nine of his probation, which provides: “You will promptly and truthfully answer all inquiries directed to you by the court or the officer, and allow your officer te visit in your home, at your employment site or elsewhere, and you will comply with all instructions your officer may give you.” The State maintained that Ortiz violated condition nine by failing to comply with his probation officer’s instructions to be home at 5:30 p.m. on April 23, 2009, and by failing to truthfully answer his officer’s inquiries on April 24, 2009.
At the revocation hearing, Ortiz’s probation officer testified that he had previously made two unsuccessful attempts to visit Ortiz at his residence. On April 23, 2009, the officer called Ortiz at work and instructed him to be home at 5:30 p.m. that day so the officer could conduct his home visit. The officer waited until 6:40 p.m. but Ortiz did not show up. The following day, the probation officer called Ortiz to inquire about his whereabouts the previous day. Ortiz informed him that he left work at 4:45 p.m. but had gotten stuck in traffic. The officer heard Ortiz’s employer in the background stating that work wrapped up around 6 p.m.
The trial court found that Ortiz did not willfully fail to return home by the time instructed by his probation officer. The court, however, determined that Ortiz violated condition nine by being untruthful about the time he left work. The court revoked Ortiz’s probation, determined that he qualified as a violent felony offender of special concern, and sentenced him to 63.9 months in prison.[1]
On appeal, Ortiz argues that the trial court’s revocation was an abuse of discretion given his reasonable efforts to comply with the terms of his probation. See Benedict v. State, 774 So.2d 940, 941 (Fla. 2d DCA 2001). We agree. Ortiz did not have any new law violations, had complet *1022 ed his community service requirement, and was attempting to comply with court orders regarding court costs and costs of supervision. His single misstatement about the time that he left work did not demonstrate that he was unfit for probation. See id. Under these circumstances, we cannot conclude that Ortiz’s conduct rose to the level of a substantial violation. See Audl v. State, 993 So.2d 1172, 1174 (Fla. 5th DCA 2008).
Accordingly, we reverse the order revoking Ortiz’s probation and remand with directions that Ortiz’s probation be reinstated.
Reversed and remanded with directions.
ALTENBERND and WALLACE, JJ„ Concur.

. The revocation order incorrectly states that Ortiz's probation was revoked for two viola-lions of condition nine.