POLEN, J.
 

 In this appeal, we reverse the order of the trial court, finding that Reggie Lee Cruz willfully and substantially violated the terms of his probation. Just before Cruz became homeless, he informed his probation officer that he was going to pitch a tent by an 1-95 ramp; the officer approved the plans. One night, at 11:25, the officer went to check on Cruz at this location but did not find him. The following day Cruz contacted the officer and explained that he was not at the location because he went to his step-mother’s home (about a mile away) for about twenty minutes to use the restroom. The officer went back to the 1-95 location a few days later at about 10:00 p.m.; Cruz was there, as required.
 

 Based on the restroom incident, the officer filed an affidavit of violation of probation, alleging that Cruz violated his probation by not being at his residence during curfew. At the violation of probation hearing, the officer acknowledged that when Cruz was previously residing at a different location, he had given him permission to go to a nearby fast food restaurant to eat one night after curfew because Cruz had come home from work late; however, the officer testified that he intended to allow a curfew exception only on this particular night. Cruz testified that he didn’t think he was violating his probation based on the officer’s previous curfew exemption, which Cruz testified, included permission to use nearby restrooms. The officer further testified that throughout his time on probation (six years), Cruz never violated a condition of probation. Following the hearing, the trial court found that Cruz willfully and substantially violated his probation, sentenced him to 365 days in jail, and extended his probation period by five years. This appeal followed.
 

 “In order to support a revocation of probation, the State has the burden of proving by the greater weight of the evidence that the probationer’s violation was
 
 *503
 
 both substantial and willful.”
 
 Fulton v. State,
 
 871 So.2d 1037 (Fla. 4th DCA 2004) (quoting
 
 Anderson v. State,
 
 711 So.2d 106, 108 (Fla. 4th DCA 1998)). However, a finding of a “substantial” violation must be made after “considering all of the terms of probation imposed.”
 
 Rathbum v. State,
 
 353 So.2d 902, 903 (Fla. 4th DCA 1977). Absence from the home without permission supports a finding of a willful and substantial violation of community control; however, “whether a probationer should be excused for leaving is a matter within the trial court’s discretion.”
 
 Lopez v. State,
 
 722 So.2d 936, 937 (Fla. 4th DCA 1998) (internal citation omitted).
 

 In
 
 Goley v. State,
 
 584 So.2d 139 (Fla. 5th DCA 1991), after complying with prior instructions from his probation officer, Goley applied for authorization to travel.
 
 Id.
 
 at 140. The probation officer made written special entries on the travel permit form and
 
 orally
 
 instructed Goley to report back to her no later than Monday, June 25.
 
 Id.
 
 (emphasis in original). On June 26, Goley again appeared before the probation officer and inquired about authorization for another trip.
 
 Id.
 
 When he volunteered nothing about the report due the day pri- or, the probation officer advised him that he had violated the conditions of his probation by not reporting the previous day.
 
 Id.
 
 at 141. At the revocation hearing, Goley testified that he understood the oral instruction to be that he was to report the following week but believed that he had until the Friday following the trip, June 29.
 
 Id.
 
 The trial court found that the oral instruction given to Goley on June 15 was to report no later than June 25, that it was reasonable and appropriate, and that a violation of the conditions of probation had occurred.
 
 Id.
 

 On appeal, the Fifth District reversed, holding that the twenty-four-hour delay “cannot be classified
 
 by itself
 
 as a substantial violation,” and that it was Goley’s confusion as to the date, not his willfulness, that led to the violation.
 
 Id.
 
 at 141 (emphasis added). The court added:
 

 We vacate the sentence ... and instruct the trial court to reinstate the conditions of probation. We have little doubt that Goley’s stay in the DOC, although a brief stay, will cause him to be keenly attentive to his probation officer’s instructions in the future.
 

 Id.
 

 We hold that Cruz did not willfully or substantially violate the terms of his probation. The probation officer testified that he had previously given Cruz permission to go to nearby stores to eat. However, Cruz testified that this prior curfew exemption also included permission to use nearby restrooms. While the officer denied that he intended to authorize a curfew violation beyond that single occasion, he did not testify that he expressly limited permission to this one instance, even though that may have been his intention. Therefore, we hold that Cruz’s belief that he could use a nearby restroom after curfew was not unreasonable.
 
 See Rathbum,
 
 353 So.2d at 903 (holding no violation where probationer’s failure to attend a required meeting “may have resulted from a misunderstanding”).
 

 Moreover, Cruz had complied with all of the conditions of his community control and sex-offender probation for almost six years: He timely submitted monthly reports; he advised his probation officer whenever he changed residences; he maintained a driving log; he never tested positive for any illegal substances; he managed to obtain multiple jobs despite being homeless; and he did not have any new law violations. Thus, when considering all of the terms of probation imposed, this violation cannot be deemed substantial. This single incident does not demon
 
 *504
 
 strate that Cruz is unfit for probation.
 
 See Ortiz v. State,
 
 54 So.3d 1020, 1021-22 (Fla. 2d DCA 2011) (holding that a single misstatement by probationer to his probation officer was not a substantial violation of probation and did not demonstrate that probationer was unfit for probation, where probationer did not have any new law violations, had completed his community service requirement, and was attempting to comply with court orders regarding court costs and costs of supervision).
 

 Reversed.
 

 STEVENSON and TAYLOR, JJ„ concur.