PER CURIAM. . Patricia Nicole Junk was adjudicated guilty and sentenced to six months of probation after entering a negotiated plea. She signed a plea form agreeing to comply with all standard conditions of probation as required by statute. She violated her probation and was sentenced to eleven months and thirty days in county jail, with credit for time served, which would have been a legal sentence for her underlying offense. The specific violations of probation alleged were as follows: (1) failing to report to her probation officer in December 2015 and January 2016; (2) changing her residence without consent; (3) failing to report to her probation officer on November 23, 2015; and (4) refusing to submit to drug and alcohol tests. Consistent with the State’s concession of error, we reverse as to the second and fourth violations for changing residence without consent and refusing to submit to drug and alcohol tests, because the trial court did not orally pronounce these findings. See Maddox v. State, 619 So.2d 473, 473 (Fla. 1st DCA 1993) (remanding with instructions to amend the written revocation ordér to comport with court’s oral pronouncements). We nevertheless affirm the order revoking probation and the sentence imposed. A preponderance of the evidence standard applies. Van Wagner v. State, 677 So.2d 314, 316 (Fla. 1st DCA 1996). A .violation of probation must be both substantial and willful to justify revoking probation. Burgin v. State, 623 So.2d 575, 576 (Fla. 1st DCA 1993); see also Savage v. State, 120 So.3d 619, 621 (Fla. 2d DCA 2013) (explaining competent substantial evidence standard as threshold question for ■findings of substantiality and willfulness). The trial court’s finding of substantial'and willful violations is reviewable for abuse of discretion. Lawson v. State, 969 So.2d 222, 229 (Fla. 2007) (applying abuse of discretion standard to trial court’s ultimate decision to revoke probation). Here, defense counsel stipulated that Appellant’s violations of probation were substantial, and argued only willfulness. We affirm the trial court’s finding that Appellant willfully violated Her probation by failing to report to her probation officer on November 23, 2015. The record reflects that Appellant was instructed where to go for the initial meeting with her probation officer, but went to the wrong office. She was told that she was at the wrong office, and was told again wh.ere to go to meet with her probation officer. She nevertheless failed to report to the correct address and failed to make any further contact, ever, with her probation officer. The defense argued that Appellant’s mistaken reporting to the wrong probation field office for the initial meeting with her probation officer exhibited an attempt to comply and thus was not willful. A preponderance of competent, substantial evidence supports the trial court’s finding that Appellant’s violation was willful. Our conclusion is bolstered by the fact that Appellant made no further effort to report to her probation officer. A defendant’s complete failure to report to the assigned probation officer establishes a substantial and willful violation. Brown v. State, 776 So.2d 329, 330 (Fla. 5th DCA 2001) (affirming order revoking probation after appellant “failed to report at all”). In Brown, the defendant reported to his probation officer for an initial meeting, but the officer did not have the defendant’s file yet, and therefore told him to contact the officer the following week. He failed to do so. The appellate court affirmed the' trial court’s finding of a substantial and willful violation of probation, describing the defendant’s “failure to report at all” as showing “ ‘a complete indifference to compliance with [the] conditions of probation.’ ” Brown, 776 So.2d at 330 (quoting Goley v. State, 584 So.2d 139, 141 (Fla. 5th DCA 1991)). On the facts presented, we need not evaluate ■ separately whether Appellant’s failure to report during the two months before the probation officer filed the affidavit of violation of probation constituted a separate violation or impacted the sentence imposed. Appellant’s “complete lack of effort to contact [her] probation officer and [her] complete indifference to [her] obligations” is sufficient to support revocation of probation. Grimsley v. State, 408 So.2d 1075, 1075 (Fla. 2d DCA 1982). The trial court was within its discretion to impose an eleven-month, thirty-day sentence on these facts. See § 948.06(2)(e), Fla. Stat. (2015) (allowing trial court upon revocation of probation to impose “any sentence which it might have originally imposed before placing the probationer on probation”). Appellant’s counsel conceded at the hearing that Appellant faced this sentence, but argued for leniency. The state reviewed the facts giving rise to the violation, and Appellant’s prior record of six' misdemeanors. The trial court immediately imposed this sentence after orally adjudicating Appellant guilty of failing to report. We therefore affirm the order of revocation and the sentence imposed. See Grimsley, 408 So.2d at 1076 (affirming both revocation and sentence where record satisfied appellate court that trial court would impose the same sentence). AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion. B.L. THOMAS, C.J., and KELSEY, J., CONCUR; RAY, J., CONCURS IN PART AND DISSENTS IN PART WITH OPINION.