# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-4113
_____

JALYN VIRGINIA BROWNWORTH,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Alachua County.
Phillip A. Pena, Judge.

September 20, 2019


PER CURIAM.

Appellant challenges the revocation of her probation based on her ostensible failure to attend a substance abuse evaluation. She asserts the revocation was improperly based solely on hearsay evidence. We agree and reverse.

Appellant pled nolo contendere to grand theft and was sentenced to 24 months of probation. Shortly after imposition of sentence, an affidavit of violation of probation was filed, alleging she had failed to undergo a required drug/alcohol evaluation. At the revocation hearing, Appellant's probation officer testified that Appellant had been scheduled to attend an evaluation on July 20. However, a prearranged meeting between Appellant and the probation officer necessitated rescheduling the evaluation for July

27. The probation officer later contacted the evaluation facility staff and was told that Appellant failed to attend the rescheduled appointment.

In deciding whether to revoke a defendant's probation, the trial court has broad discretion. *Russell v. State*, 982 So. 2d 642, 646 (Fla. 2008). The trial court must determine, by the greater weight of the evidence, whether the facts and circumstances demonstrate a willful and substantial violation. *State v. Carter*, 835 So. 2d 259, 261 (Fla. 2002); *Junk v. State*, 230 So. 3d 984, 965-86 (Fla. 1st DCA 2017). Although hearsay is admissible to prove a willful and substantial violation of probation, it may not serve as the sole basis, and must be corroborated by nonhearsay evidence. *Russell,* 982 So.2d at 646.

Here, the only presented evidence of Appellant's failure to attend the appointment was the probation officer's hearsay testimony relating to her telephone conversation with an evaluation facility employee. No other nonhearsay evidence was presented. Therefore, the trial court abused its discretion by relying exclusively on uncorroborated hearsay evidence in support of its revocation order.

Accordingly, we reverse the revocation order and remand for further proceedings.

REVERSED and REMANDED.

RAY, C.J., MAKAR, J., and SHARRIT, MICHAEL S., ASSOCIATE JUDGE, concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Megan Long, Assistant Public Defender, Tallahassee, for Appellant.

2

Ashley Moody, Attorney General, and Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Appellee.