HUBBART, Judge.
This is a criminal probation revocation proceeding in which probation was revoked and a county jail sentence imposed. The defendant appeals.
The question presented for review is whether a trial court may lawfully revoke a criminal defendant’s probation based on evidence that the defendant violated one of the conditions of probation but was never given prior formal notice of such condition because of his refusal to make himself reasonably available to his probation supervisor for the purpose of being informed of his probationary conditions. We hold that a trial court may revoke probation under such circumstances and affirm.
I
On April 25, 1974, the defendant, Henry Mobley also known as Henry Pratt, pled guilty to and was adjudicated guilty of various crimes before the Dade County Circuit Court. He was placed on five years probation. Mr. David Todd of the Florida Department of Offender Rehabilitation was assigned to act as the defendant’s probation supervisor.
Shortly after the entry of the probation order herein, Mr. Todd made a home visit on the defendant and requested that the defendant come to the probation office so that he might discuss the terms of probation in a formal setting as well as other matters. The defendant refused. Repeated requests made by Mr. Todd for the defendant to come to the probation office on other occasions were also met with similar refusals. As a result, the defendant was never officially notified of the terms and conditions of his probation, nor given a copy of the terms of his probation.
On April 26, 1976, the defendant was charged by affidavit with having violated the conditions of his probation. Among other things, the affidavit charged that the defendant had failed to obey one of his probation supervisor’s instructions to come to the probation office. The trial court held a probation revocation hearing in which ample evidence was adduced to support this charge. The defendant himself admitted at the hearing that Mr. Todd had warned him he would be brought to court if he failed to come to the probation office as requested. He insisted, however, that Mr. Todd make home visits instead.
The defendant does not deny on appeal that he failed to report to the probation office as requested by his probation supervisor. He contends, nonetheless, that his probation revocation should be reversed because he was never officially notified concerning the condition of his probation which he was charged with violating, to wit: that he carry out all instructions given to him by his probation supervisor. We 'cannot agree.
*375 II
Section 948.02(1), Florida Statutes (1975), provides in relevant part as follows:
“It shall be the duty of the [Department of Offender Rehabilitation] . . .to cause to be delivered to each person on probation under its supervision a certified copy of the terms of such probation, and any change or modification thereof, and to cause said person to be instructed regarding the same; . . . .”
The statute imposes a duty on the Florida Department of Offender Rehabilitation of officially notifying a criminal defendant concerning the terms and conditions of his probation by delivering a copy of the probationary terms and instructing him thereon. The performance of this duty necessarily presupposes reasonable cooperation by the defendant. The Department can hardly be required to perform this duty if the defendant refuses to be so notified in accordance with reasonable policies and practices.
There is a presumption that officials of the Florida Department of Offender Rehabilitation carry out the above statutory duty, which presumption can only be overcome by affirmative evidence establishing that the Department did not so perform its duty. When such a showing is made and the defendant is not otherwise advised of his probationary conditions by the court, probation may not be revoked unless the defendant is charged with violating a probationary condition by committing a crime.
This court in Jones v. State, 296 So.2d 519, 521 (Fla.3d DCA 1974) states the applicable law:
“Appellant seeks reversal on two grounds. First, contending the Commission [now the Florida Department of Offender Rehabilitation] failed to inform him of the terms of the probation, as provided for in § 948.02(1). Fla.Stat., F.S.A. We find no merit therein. There is a presumption that officials properly perform their required duties. See Purdy v. Mulkey, Fla.App.1969, 228 So.2d 132. The fact that an official document purporting to show the Commission’s compliance with that requirement was not signed, is insufficient to overcome the presumption of performance, in the absence of evidence that the duty was not performed, and there was none here. The appellant’s argument would have more weight if the violation involved was one relating to lawful conduct which one on probation ordinarily would not know would constitute violation thereof. A person on probation hardly needs an official document to advise him that commission of felonies while on probation will constitute violations of such probation.”
In the instant case, the evidence establishes that the defendant was never officially notified of the terms and conditions of his probation. We reject the state’s argument that the Florida Department of Offender Rehabilitation so notified the defendant when the probation supervisor delivered a copy of the probationary terms to him in another unrelated case and instructed him thereon. This act does not satisfy the duty imposed upon the Department with respect to the probation in this case.
We cannot find, however, that this failure to so notify the defendant is fatal to the probation revocation in this case. We are not persuaded that the Florida Department of Offender Rehabilitation breached its statutory duty pursuant to § 948.02(1), Florida Statutes (1975), since the defendant repeatedly refused to make himself reasonably available to the probation supervisor in order to be notified of his probationary conditions.
Mr. Todd testified that it was his policy and practice to use an office, rather than a home visit to formally explain the terms of probation and deliver a copy of the probationary terms to a criminal defendant. We cannot say that this is an unreasonable practice as such a formal office setting may very well be necessary to impress upon, the defendant the extreme importance of complying with probationary conditions. The defendant repeatedly refused to come to the probation office to have such terms explained to him insisting on home visits only. We believe that the defendant was in *376 no position to dictate the place where he was to be advised of his probationary conditions. His lack of cooperation with his probation supervisor excuses any failure by the Department to perform its statutory duty herein.
Affirmed.