499 So.2d 55 (1986)
Donnie WARREN, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-0087.
District Court of Appeal of Florida, Fourth District.
December 24, 1986.
Rehearing Denied January 21, 1987.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert L. Teitler, Asst. Atty. Gen., West Palm Beach, for appellee.
GUNTHER, Judge.
We affirm the trial court's revocation of defendant's probation. We find that there is substantial, competent evidence to support the trial court's findings that the defendant violated condition (2) requiring that he secure consent of the probation officer before changing his residence and condition (3) requiring that he file written monthly reports with the probation officer.
Appellant's testimony that he was not told to file monthly reports is not sufficient affirmative evidence to overcome the *56 presumption that officials of the Department of Offender Rehabilitation carry out their statutory duty to notify a defendant concerning the terms and conditions of probation. Mobley v. State, 348 So.2d 373 (Fla. 3d DCA 1977). Even if this court considers probationer's testimony that he was never instructed to file such reports as sufficient affirmative evidence to overcome the presumption, his failure to file reports is still a valid violation since he was advised of his probationary conditions as evidenced by his signature on the probation order. See Mobley, 348 So.2d at 375. Such failure to file monthly reports is a sufficient ground for revocation. Davis v. State, 474 So.2d 1246 (Fla. 4th DCA 1985); May v. State, 472 So.2d 890 (Fla. 4th DCA 1985).
As to condition (9) requiring that he pay $30 per month as a supervisory fee and the special condition requiring the defendant to enter a substance abuse program, we find that these violations must be reversed. The trial court did not make a finding that the defendant had the ability to pay the fee, Woodard v. State, 371 So.2d 708 (Fla. 4th DCA 1979); Adams v. State, 459 So.2d 1184 (Fla. 4th DCA 1984). Furthermore, the special condition was not orally pronounced at the defendant's sentencing nor was there support in the record for the subsequent addition of this condition on the order of probation. Knapp v. State, 405 So.2d 786 (Fla. 4th DCA 1981); Carmo v. State, 378 So.2d 850 (Fla. 4th DCA 1979).
We affirm the trial court's order of revocation based only upon violations of conditions (2) and (3) since the record is clear that the lower court would have revoked defendant's probation for any violations where the defendant failed to follow the rules. Scott v. State, 446 So.2d 1105 (Fla. 2d DCA 1984). We reverse as to condition (9) and the special condition and direct the trial court to enter an order striking these two violations from the order of revocation of probation.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
DELL and STONE, JJ., concur.