GUNTHER, Judge.
This is an appeal from an order of revocation of community control finding defendant in violation of two conditions of his community control. We reverse.
On May 5, 1987, defendant was sentenced to eighteen months’ community control pursuant to section 948.03, Florida Statutes. During this period, defendant’s community control officer, without a court order, instructed the defendant to wear an electronic monitoring device. Subsequently, he was charged with and found guilty of violating his community control for (1) failing to wear an electronic monitoring device (Count I), and (2) being $100 in arrears on his $30 monthly payments for the cost of supervision (Count II).
Although the defendant raises several issues on appeal as to Count I, we need only respond to one. We agree with the defendant’s assertion that the trial court erred in revoking his community control for failure to wear an electronic monitoring device. Wearing an electronic monitor was not a condition ordered by the trial judge. Here, it was the defendant’s com *1070 munity control officer who required him to wear an electronic monitoring device. In our view, the wearing of an electronic monitoring device as a “condition” of community control can only be ordered by the trial judge. The statute provides:
948.03. Terms and conditions of probation or community control.—
(1) The court shall determine the terms and conditions of probation or community control....
(2) The court shall require intensive supervision and surveillance for an offender placed into community control, which may include, but shall not be limited to:
(d) Supervision by the Department of Corrections by means of an electronic monitoring device or system, [emphasis added]
Community control may be revoked only for a condition imposed by the court, not by the Department of Corrections officer. See Chatman v. State, 365 So.2d 789 (Fla. 4th DCA 1978). Although section 948.03(3), Florida Statutes, permits the “Department of Corrections, at its discretion, to electronically monitor an offender sentenced to community control,” nothing in the statute elevates this discretion to the level of authority to create and impose a “condition” of community control. A community control officer does not have the power to prescribe a new condition. See Hutchinson v. State, 428 So.2d 739 (Fla. 2d DCA 1983). Since conditions of community control can only be imposed by the court, we reverse and remand to the trial court with instructions to strike the adjudication of guilty as to Count I.
As to Count II, although the written order of revocation finds him guilty of being in arrears on his monthly payments, there was no such oral finding at the time of the revocation hearing. Furthermore, the state failed to meet its burden of showing that the defendant was able to make the required payments. Holt v. State, 385 So.2d 1133 (Fla. 5th DCA 1980). Therefore, we reverse and remand to the trial court with instructions to strike the adjudication of guilty as to Count II.
REVERSED AND REMANDED.
WALDEN, J., and DAUKSCH, JAMES C., Jr., Associate Judge, concur.