558 So.2d 513 (1990)
Patrick GLENN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-00477.
District Court of Appeal of Florida, Second District.
March 21, 1990.
James Marion Moorman, Public Defender, Bartow, and Jennifer Y. Fogle, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Patrick Glenn alleges in this appeal that the trial court erred in revoking his probation and in the sentence it imposed upon the revocation. We agree and reverse.
Glenn was placed on probation for two separate felony convictions. An affidavit for violation of probation was filed in each case. At Glenn's revocation hearing, probation officer Velma Williams testified that Glenn failed to submit one monthly report in a timely manner. Williams also testified that according to a police report Glenn allegedly was intoxicated while on probation, but that she personally did not know him to be, nor did he appear to be drinking or intoxicated. The law enforcement officers who reported that Glenn was intoxicated were subpoenaed but did not appear at the hearing. The court revoked Glenn's probation and sentenced him to concurrent terms of thirty-months in prison in both cases, followed by two years of community control. Glenn's sentencing guidelines scoresheet called for twelve to thirty months in prison or community control. Glenn filed two motions to correct illegal sentences, alleging that his sentences were illegal because he was sentenced to state prison to be followed by community control, which exceeded the recommended sentence under the guidelines without the support of valid reasons for the departure. The trial court denied the motions.[1]
The technical omission of failing to submit one monthly report, which Glenn *514 eventually rectified, by itself, cannot be deemed a substantial violation that would support the revocation of Glenn's probation. See Hightower v. State, 529 So.2d 726 (Fla. 2d DCA 1988). Further, it is well established that a defendant's probation cannot be revoked solely on the basis of hearsay evidence, although that evidence is admissible at a violation of probation hearing. McCrary v. State, 464 So.2d 670 (Fla. 2d DCA 1985). Here, the violation for the reason of Glenn's intoxication was predicated entirely upon hearsay evidence, since the probation officer admittedly had no personal knowledge of that claim. Because the state failed to establish a willful and substantial violation by Glenn, we reverse the order of revocation.[2]
Reversed.
FRANK, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] Although we do not reach this issue, we observe that the sentences imposed by the trial court upon its revocation of Glenn's probation were illegal. See VanKooten v. State, 522 So.2d 830 (Fla. 1988). Pursuant to VanKooten, the imposition of incarceration and community control constitutes a departure from Glenn's recommended guidelines sentence of "30 months or community control," necessitating proper written reasons for the departure. Because no departure reasons were stated by the trial court, it erred in denying Glenn's motions to correct the illegal sentences.
[2] In the order of revocation, Glenn also was found to have violated other conditions of his probation. These violations, however, were not addressed at the violation of probation hearing and, as such, should not have been included in that order as bases for revoking Glenn's probation.