675 So.2d 665 (1996)
Raymond SANDERS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-02309.
District Court of Appeal of Florida, Second District.
June 14, 1996.
Roger L. Fishell, Sarasota, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
THREADGILL, Chief Judge.
The appellant, Raymond Sanders, challenges an order revoking his probation. Because the evidence presented at the revocation hearing was insufficient to prove willful and substantial violations of probation, we reverse.
The appellant pleaded nolo contendere to burglary of a structure and possession of burglary tools. The trial court sentenced him to five years' probation with the special condition that he serve eleven months and twenty-nine days in county jail on each count to run consecutively. The trial court also required him to enter and complete a drug treatment program. Thereafter, the appellant's probation officer filed an affidavit of violation of probation alleging the appellant violated, inter alia: condition (1) which required him to make a monthly report to his probation officer; condition (12) which required him to submit to urinalysis to determine possible use of drugs or controlled substances; and the special condition which required him to enter and complete a drug treatment program. After an evidentiary hearing, the trial court found willful violations of these three conditions and revoked probation, sentencing the appellant to consecutive terms of five years in prison on each count.
To trigger a revocation of probation, a violation must be willful and substantial and its willful and substantial nature *666 must be supported by the greater weight of the evidence. Hightower v. State, 529 So.2d 726 (Fla. 2d DCA 1988). The evidence presented in this case was insufficient to establish violations of the probation conditions involving drug treatment and urinalysis.
At the evidentiary hearing, the administrator of the Choices Non-secure Treatment Program testified that the appellant was terminated from the aftercare portion of the drug treatment program because he had missed three weekly meetings. The administrator testified that participants were not permitted to have more than three unexcused absences. Similarly, the appellant testified it was his understanding he could miss three meetings, no more. The appellant did not exceed the number of unexcused absences permitted by the program. Thus, it cannot be said the appellant violated his probation by failing to comply with the policies of the drug treatment program he was directed to complete.
The program administrator also testified that, as a result of his absences, the appellant missed two urinalyses that were to be conducted at the weekly meetings. The administrator testified that participants were not advised in advance as to when the urine samples would be collected. He testified that the appellant was not asked to submit the two urine samples because he was not present at the meetings. Probation condition (12) states: "[y]ou will submit to urinalysis, breathalyzer or blood tests at any time requested by your officer, or the professional staff of any treatment center where you are receiving treatment, to determine possible use of alcohol, drugs or controlled substances." Neither the appellant's officer nor the treatment center staff asked the appellant to submit to urinalysis on the dates he was absent from the meetings. Therefore, it cannot be said the appellant violated his probation by failing to submit to such tests.
Finally, the appellant's failure to submit a monthly report does not support revocation in this case. The appellant's probation officer testified that the appellant failed to submit a monthly report for February 1995. The appellant admitted that he failed to file the report. The technical omission of failing to submit one monthly report, by itself, is not a substantial violation that would support revocation of probation. Glenn v. State, 558 So.2d 513 (Fla. 2d DCA 1990). Because the evidence presented at the revocation hearing fails to demonstrate a willful and substantial violation of probation, we reverse the order of revocation of probation. We need not address the other points on appeal.
Reversed.
FRANK and LAZZARA, JJ., concur.