676 So.2d 40 (1996)
Tavares NEWMAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-3629.
District Court of Appeal of Florida, Third District.
June 26, 1996.
*41 Samek & Besser, and Lawrence E. Besser, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Cynthia A. Greenfield, Assistant Attorney General, for appellee.
Before BARKDULL, GERSTEN and FLETCHER, JJ.
PER CURIAM.
Appellant, Tavares Newman (the "defendant"), appeals his convictions for sexual battery with a firearm and false imprisonment with a firearm, claiming that certain admitted testimony violated hearsay principles. We affirm the conviction, finding no violation occurred.
In the disputed testimony, the victim's doctor testified that the victim made statements during the examination supporting the victim's testimony at trial that the defendant was armed while committing the crimes. The defendant contends that this testimony constituted inadmissible hearsay because it brought in a prior consistent statement of the victim's which did not recount facts told to the doctor to facilitate treatment or diagnosis. The defendant claims that by admitting the testimony, the victim's credibility was improperly bolstered, thereby creating reversible error. We disagree.
The defendant's assertion of error is invalid because, by failing to object to the testimony at the time it was entered, the defendant failed to preserve this point for appeal. Groover v. State, 489 So.2d 15 (Fla. 1986); Dixon v. State, 592 So.2d 1241 (Fla. 3d DCA 1992); Gonzalez v. State, 571 So.2d 1346 (Fla. 3d DCA 1990), rev. denied, 584 So.2d 998 (Fla.1991). Furthermore, even if the admission was an error, it does not rise to the level of fundamental error because the testimony is cumulative and a substantial amount of other evidence points to the victim's credibility. See Larkins v. State, 655 So.2d 95 (Fla.1995); State v. DiGuilio, 491 So.2d 1129 (Fla.1986). In the absence of reversible error, we affirm the defendant's convictions.
Affirmed.