710 So.2d 80 (1998)
Milton THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3597.
District Court of Appeal of Florida, Fourth District.
April 8, 1998.
*81 Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia Ann Ash, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from the revocation of appellant's probation. We reverse and remand.
At the probation hearing, the trial court did not recite which conditions of probation it found to have been violated; and the only written orders are appellant's two sentences, neither of which recite which conditions were violated. See Larangera v. State, 686 So.2d 697 (Fla. 4th DCA 1996).
The two amended affidavits in appellant's separate cases alleged violation of the following six conditions: 1) failing to file monthly reports with his probation officer; 2) failing to pay $50 per month in supervision costs; 3) failing to make any payments toward $255 in costs; 4) failing to obtain a drug evaluation within ten days of his release; 5) violating the law by committing an assault and battery; and 6) violating the law by opposing police officers in the execution of a legal duty.
Taking the violations individually, this court has held that failure to file monthly reports is a sufficient ground for revocation. Warren v. State, 499 So.2d 55 (Fla. 4th DCA 1986). Failure to report for a mandatory drug evaluation is as serious a violation as failing to file a written monthly report. Therefore those violations are clearly substantial. We find there was sufficient evidence presented for the trial court to find that the failure to file reports and obtain the drug evaluation were also willful violations, either of which warranted revocation.
With respect to the second and third violations, the only issue raised by appellant is that the trial court failed to make a finding regarding his ability to pay. On remand the trial court is directed to make such finding.
Finally, as to the fifth and sixth violations, revocation of probation based on violating conditions related to living in conformity with the law is improper when based solely on proof of the probationer's arrest. Manies v. State, 621 So.2d 679 (Fla. 2d DCA 1993)(citing Hines v. State, 358 So.2d 183 (Fla.1978)). Here, the evidence that appellant was arrested was insufficient to establish *82 that he violated the law in violation of the terms of his probation.
In conclusion, the record does not reflect whether the trial court would have revoked appellant's probation based only on appellant's failure to file monthly reports and failure to report for drug screening. We therefore remand for the trial court to make a determination of whether appellant had the ability to pay regarding the second and third alleged violations involving his failure to pay costs, and to reconsider revocation of probation based on the established violations with respect to the first four. See Antoine v. State, 684 So.2d 266 (Fla. 4th DCA 1996).
GLICKSTEIN, WARNER and SHAHOOD, JJ., concur.