719 So.2d 965 (1998)
David SCHWARTZ, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3958.
District Court of Appeal of Florida, Fourth District.
October 14, 1998.
Richard L. Jorandby, Public Defender, and Bernard S. Fernandez, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, Judge.
Appellant's probation was revoked for failure to file a monthly report with his probation officer. He claimed that his failure was not willful and substantial but was the result of an accident suffered by him. We affirm because the trial court resolved the factual disputes with regard to appellant's incapacity as a result of the accident contrary to appellant's position.
This court has repeatedly held that the failure to file a monthly report is a sufficient ground for revocation of probation. See Thompson v. State, 710 So.2d 80, 81 (Fla. 4th DCA 1998); Warren v. State, 499 So.2d 55, 56 (Fla. 4th DCA 1986); Davis v. State, 474 So.2d 1246, 1247 (Fla. 4th DCA 1985).
While appellant asserts that his documented involvement in an accident negated a finding that he had "willfully" violated this condition, the state controverted his evidence. He was required to report to his probation officer between the first and the tenth of each month, but in July appellant failed to do so prior to his accident on July 14, 1998. After that time, contrary to his testimony, his probation officer stated that she made several calls to him but that he failed to call her and inform her of the accident until sometime in August. Moreover, the trial court reviewed the medical evidence and determined that nowhere was bed rest required of appellant. In fact, appellant went to work after the accident when he claimed to be incapacitated and unable to report to the probation office. The court thus concluded that appellant could have reported after the accident.
The trial court properly exercised its discretion in rejecting appellant's version of the events and finding that the probation officer was more credible with respect to the facts surrounding the probation violation. We therefore affirm.
STONE, C.J., and GROSS, J., concur.