POLEN, Judge.
Edward A. Blatch timely appeals from an adjudication of guilt and sentences imposed for sale or delivery of cocaine within one thousand feet of a school, and for possession of cocaine. He was sentenced as an habitual offender on the sale and delivery count to a twenty-year prison term with a three-year mandatory minimum, and on the possession count to a concurrent term of ten years, also as an habitual offender. He correctly contends that his sentence as an habitual felony offender for possession of cocaine is not authorized by section 775.084(l)(a)3, Florida Statutes (1997), because that section does not permit a violation of section 893.13[1] to serve as a predicate conviction.[2]
Although he did not object at trial or move to correct his sentence timely, he may still challenge it on direct appeal as illegal because the ten-year enhanced sentence exceeds both the statutory maximum pursuant to sections 893.13(6)(a) and 775.082(3)(d) (5 years), and the maximum guidelines sentence (7.6 years). See Hyden v. State, 715 So.2d 960 (Fla. 4th DCA 1998).
Furthermore, and as the state correctly concedes, there is a scrivener’s error on the face of Blatch’s judgment indicating that he pled nolo contendere to the charges, rather than having been found guilty by the trial court. Although he did not move to correct this error timely below, because we are reversing his sentence on the possession charge, we instruct the court on remand to also correct this error. As to Blatch’s remaining point on appeal concerning the witness’ lay opinion regarding the appearance of appellant’s tooth, we affirm.
AFFIRMED in part; REVERSED in part and REMANDED.
GROSS and TAYLOR, JJ., concur.

. Section 893.13, Florida Statutes (1997) prohibits "any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance.”

. Section 775.084(l)(a)3, Florida Statutes (1997) specifically allows the courts to impose an extended term of imprisonment for a habitual felony offender if it finds that “[t]he felony for which the defendant is to be sentenced, and one of the two prior felony convictions, is not a violation of s.893.13 relating to the purchase or the possession of a controlled substance.... ”