835 So.2d 259 (2002)
STATE of Florida, Petitioner,
v.
John H. CARTER, Respondent.
No. SC95605.
Supreme Court of Florida.
December 5, 2002.
*260 Richard E. Doran, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Karla D. Ellis, Assistant Attorney General, Tallahassee, FL, for Petitioner.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Second Judicial Circuit, Tallahassee, FL, for Respondent.
QUINCE, J.
We have for review Carter v. State, 24 Fla. L. Weekly D1063, ___ So.2d ___, 1999 WL 289215 (Fla. 1st DCA April 30, 1999), which expressly and directly conflicts with Schwartz v. State, 719 So.2d 965 (Fla. 4th DCA 1998), and Strunk v. State, 728 So.2d 320 (Fla. 5th DCA 1999). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. Because the district court in Carter applied a per se rule to the question of whether the failure to file a single monthly report constitutes a substantial violation of probation, we quash and remand for reconsideration not inconsistent with this opinion. Although the First District's decision may ultimately be correct, we reject any per se rule that the failure to file a single report may never justify probation revocation.
After pleading nolo contendere to aggravated battery, trespass, and misdemeanor stalking, John H. Carter (Carter) was sentenced in 1997 to nine months in jail followed by two years of probation. Thereafter, the State filed an affidavit for violation *261 of probation charging Carter with five violations, including failure to file a report for the month of February 1998. He was found not guilty of all violations except the failure to file the report; Carter admitted that violation. The trial court revoked Carter's probation and sentenced him to 54.9 months in state prison.
On appeal the First District Court of Appeal, relying on its earlier precedent, held that failure to file a single monthly report does not by itself constitute a substantial violation of probation. See Moore v. State, 632 So.2d 199 (Fla. 1st DCA 1994); accord Sanders v. State, 675 So.2d 665 (Fla. 2d DCA 1996). The First District acknowledged that its decision was in conflict with the decision by the Fourth District in Schwartz v. State, 719 So.2d 965 (Fla. 4th DCA 1998). This petition for discretionary review followed.
The State argues that the failure to file a single monthly report by itself may be a proper basis for revocation as was held in Schwartz and Strunk. We hold that failure to file a single monthly report may, in certain circumstances, justify probation revocation if such failure is willful and substantial and supported by the greater weight of the evidence. See Hightower v. State, 529 So.2d 726 (Fla. 2d DCA 1988).[1]
In the instant case, the district court improperly applied a per se rule when it relied on Moore and Sanders in reaching its conclusion that the failure to file a single monthly report as a matter of law is not a substantial violation, and thus not sufficient to justify a probation revocation. Such a holding means that under no circumstances could a failure to file a single report justify a revocation of probation. Such a per se rule strips the trial court of its obligation to assess any alleged violations in the context of a defendant's case. Trial courts must consider each violation on a case-by-case basis for a determination of whether, under the facts and circumstances, a particular violation is willful and substantial and is supported by the greater weight of the evidence. In other words, the trial court must review the evidence to determine whether the defendant has made reasonable efforts to comply with the terms and conditions of his or her probation. See Thorpe v. State, 642 So.2d 629 (Fla. 1st DCA 1994); Stevens v. State, 599 So.2d 254 (Fla. 3d DCA 1992).
We agree with Judge Letts' statements in his specially concurring opinion in Davis v. State, 474 So.2d 1246 (Fla. 4th DCA 1985) (Letts, J., specially concurring), that probation reports are not merely technical niceties and the failure to report is a serious violation of the privilege of probation. The probation system operates under a tremendous workload. In order to maintain its effectiveness, all participants, including the defendants, must comply with the requirements imposed upon them. Failure to enforce the reporting requirements undermines the system and the practical consequence is no control, no supervision, and no probation.
However, the application of these principles does not mean failure to comply in every instance is, a fortiori, a willful and substantial violation justifying revocation. *262 Indeed, the initial decision to place someone on probation is a serious matter and is made by the trial court only after careful consideration. Likewise, the decision to revoke that probation should be made with no less care, and only when the probation violation is both willful and substantial so as to indicate that probation will not work for that defendant. There may be circumstances where revocation is patently unfair. For example, in Hightower v. State, 529 So.2d 726 (Fla. 2d DCA 1988), the record was not clear as to whether the defendant was informed that he had the duty to file a report, and in Jordan v. State, 412 So.2d 970 (Fla. 2d DCA 1982), the defendant filed three reports late because he was in the hospital. However, there are also circumstances where failure to file a single report may be a willful and substantial violation which would justify revocation. In Schwartz, the defendant argued that he did not file his monthly probation report because he was in an accident. The evidence showed that the defendant went to work after the accident, during the time he claimed to be incapacitated. The defendant's failure to comply with the terms of probation was a blatant disregard of his probation obligations and the revocation was found to be justified.
These cases demonstrate why it makes sense to allow the trial court the discretion to weigh each situation without the mandates of a bright line rule requiring revocation or preventing it. The trial court is in a better position to identify the probation violator's motive, intent, and attitude and assess whether the violation is both willful and substantial.
Carter filed his report late on purpose (which may constitute willful behavior), but he states that he did so because he wished to appear before the court to discuss his ability to make restitution. When he attempted to get help from the public defender's office, he said they gave him the runaround. A friend told him to stop reporting, that he would then be in violation and would have to appear before the court, at which time he could address the issue of restitution. Although the probation officer may not have realized the consequences of her discussion with the defendant, she apparently tacitly endorsed this method. The probation officer testified that she told Carter that in order for a probationer to get back before the court, he or she would need either to get a public defender or violate probation. Since Carter felt he got the runaround from the public defender's office, he then intentionally violated his probation by failing to file his report. Whether these actions rise to the level necessary to justify revocation is within the province of the trial court to determine. The trial court has broad discretion to determine whether there has been a willful and substantial violation of a term of probation and whether such a violation has been demonstrated by the greater weight of the evidence. See Van Wagner v. State, 677 So.2d 314 (Fla. 1st DCA 1996); Harris v. State, 610 So.2d 36 (Fla. 2d DCA 1992). The trial court in this case weighed the evidence and determined that Carter's conduct warranted revocation.
On appeal from the trial court's decision on the issue, the standard of review is abuse of discretion. See Bell v. State, 643 So.2d 674 (Fla. 1st DCA 1994); Steiner v. State, 604 So.2d 1265 (Fla. 4th DCA 1992). That is, the appellate court must determine whether or not the trial court acted in an arbitrary, fanciful or unreasonable manner in determining that Carter's violation was both willful and substantial. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). In this case, the First District's opinion states only that a single failure to file could not trigger revocation. Because we reject any per se rule *263 that the failure to file a single report can never, alone, be a substantial violation so as to preclude revocation, we quash the First District's decision and remand this case for reconsideration consistent with this opinion.
It is so ordered.
SHAW, WELLS, and LEWIS, JJ., and HARDING, Senior Justice, concur.
PARIENTE, J., dissents with an opinion, in which ANSTEAD, C.J., concurs.
PARIENTE, J., dissenting.
I respectfully dissent. In my opinion, a failure to file a single monthly probation report, by itself, cannot serve as the basis for the revocation of probation. Therefore, I would affirm the First District's decision in Carter v. State, 24 Fla. L. Weekly D1063, ___ So.2d ___, 1999 WL 289215 (Fla. 1st DCA Apr.30, 1999).
Section 948.06, Florida Statutes (1997), provides for the revocation of probation and states:
Whenever within the period of probation or community control there are reasonable grounds to believe that a probationer or offender in community control has violated his or her probation or community control in a material respect, any law enforcement officer who is aware of the probationary or community control status of the probationer or offender in community control or any parole or probation supervisor may arrest or request any county or municipal law enforcement officer to arrest such probationer or offender without warrant wherever found and forthwith return him or her to the court granting such probation or community control.... The court, upon the probationer or offender being brought before it, shall advise him or her of such charge of violation and, if such charge is admitted to be true, may forthwith revoke, modify, or continue the probation or community control or place the probationer into a community control program.
(Emphasis supplied.)
The Florida Legislature has chosen not to define which violations are "material." Accordingly, under the well established principles of statutory construction, this Court must give the term "material" its plain and ordinary meaning. See Green v. State, 604 So.2d 471, 473 (Fla.1992) This plain and ordinary meaning may be determined by reference to a dictionary definition. See id. "Material" is defined as "significant" or "essential," Black's Law Dictionary 991 (7th ed.1999), or as "having real importance or great consequence." Merriam Webster's Collegiate Dictionary 717 (10th ed.1996). Although the failure to submit one monthly report is certainly a violation of probation, I cannot agree with the majority that this single failure, by itself, could ever be significant or essential. Therefore, in the absence of legislative action to clarify which probation violations are "material," I would follow those district courts that have held that this type of isolated technical probation violation does not rise to the level of a revocable violation. See e.g., Butler v. State, 775 So.2d 320, 321 (Fla. 2d DCA 2000); Sanders v. State, 675 So.2d 665, 665-66 (Fla. 2d DCA 1996) (citing Glenn v. State, 558 So.2d 513 (Fla. 2d DCA 1990)); Moore v. State, 632 So.2d 199, 199 (Fla. 1st DCA 1994).
Moreover, today's majority decision gives little guidance to the trial courts as to when the failure to file a single report, standing alone, would be considered a material violation of probation warranting revocation. Further, the appellate standard of review of abuse of discretion provides little to no guidance to the appellate courts as to where the line of demarcation *264 should be. This lack of guidance raises the real possibility that whether probation is revoked for failure to file a single report will not depend on an objective standard but on the philosophy of the individual judge. Given that the consequence of the decision in many cases will be a considerable period of incarceration, applying a per se rule that the failure to file a single monthly probation report without more cannot serve as the basis for the revocation of probation is the better course in this limited circumstance.
ANSTEAD, C.J., concurs.
NOTES
[1] Recently, in State v. Meeks, 789 So.2d 982 (Fla.2001), we held, under the youthful offender sentencing scheme, that only a new criminal offense constitutes a substantive violation of probation or community control. Under section 958.14, Florida Statutes (1995), the trial court must determine whether the offender has committed a technical or substantive violation. However, under the general sentencing scheme pertaining to this defendant, the question for the trial court is whether there has been a willful and substantial violation of the terms and conditions of probation.