854 So.2d 744 (2003)
Charvester ANTHONY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-2758.
District Court of Appeal of Florida, Second District.
August 27, 2003.
*745 James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Charvester Anthony appeals the order revoking his community control in case numbers 99-3828 and 00-13441 and the *746 order summarily denying his motion to correct sentence in case number 99-3828. We conclude that the trial court erred in finding that Anthony violated conditions 1, 5, and 77 of his community control and in summarily denying ground 1 of Anthony's motion to correct sentence. We find no error in the trial court's finding that Anthony violated condition 12 of his community control, and we affirm without discussion the denial of the other grounds raised in Anthony's motion to correct sentence.
On October 12, 2000, Anthony pleaded guilty to four counts of lewd and lascivious acts in case number 99-3828. Three of the counts originally alleged sexual battery on a child under twelve; however, the State reduced the charges to lewd and lascivious acts as part of the plea agreement. The parties agreed that Anthony would be sentenced to twenty-four months' community control followed by thirteen years' probation.
Condition 77 of the community control order provided for "[e]lectronic monitoring when deemed necessary by the community control or probation officer and his or her supervisor, and ordered by the court at the recommendation of the Department of Corrections." (Emphasis added). At the plea hearing, the trial court and the parties acknowledged that electronic monitoring would not be implemented without court approval. Shortly after the plea hearing, and without either a hearing or court approval, the Department of Corrections initiated electronic monitoring of Anthony.
On October 30, 2000, in case number 00-13441, Anthony pleaded guilty to possession of cannabis. The trial court sentenced Anthony to twenty-four months' community control followed by three years' probation. The sentence was to be concurrent with the sentence in case number 99-3828. There was no provision for electronic monitoring in the order entered in case number 00-13441.
On February 1, 2001, Anthony's community control officer filed affidavits of violation of community control in both cases, alleging that Anthony had twice violated condition 12 of each of the community control orders by failing to remain confined at his residence or at an approved activity, as evidenced by information obtained from electronic monitoring. The affidavit in case number 99-3828 further alleged that Anthony violated condition 77 of his community control on three separate occasions by failing to submit to electronic monitoring. Amended affidavits of violation were filed in case number 99-3828, alleging that Anthony committed two additional violations of condition 12 by failing to remain confined at his residence or at an approved activity. The amended affidavits also alleged violations of condition 1 for failing to make a full and truthful monthly report to his community control officer and condition 5 for committing a new law offense.
On April 30, 2001, the trial court held an evidentiary hearing on the alleged violations in both cases. However, because the amended affidavit alleging the violations of conditions 1 and 5 had been filed just prior to the hearing, the trial court agreed to postpone consideration of those allegations.
During its case, the State presented testimony from a probation officer that she had explained to Anthony the terms and conditions of electronic monitoring and his obligations regarding the monitoring. She indicated that Anthony understood his obligations. She and other probation officers testified as to information received from the electronic monitoring and their efforts to verify that violations had occurred.
*747 One of the officers first discovered that Anthony had violated condition 12 when she checked the records generated by the electronic monitoring. She spoke with Anthony, and he gave three different accounts of why he had been in an unauthorized location. On a second occasion, she learned of a violation when Anthony failed to respond to messages left at his residence and his whereabouts were unknown. Anthony failed to give a satisfactory explanation when he was finally contacted. A third violation was discovered when the probation officer learned that Anthony had gotten married after he had been told that he did not have permission to go to the courthouse to get married. The officer verified that Anthony should have been completing community service hours during the pertinent time period and that he had gone to an unauthorized location.
Anthony presented testimony from several witnesses and also testified at the hearing. His defense was primarily that he would occasionally forget to take his tracking device with him and that the violations were not willful.
In a written order, the trial court concluded that Anthony had committed three violations of condition 12, three violations of condition 77, a violation of condition 1, and a violation of condition 5. As a result, the court revoked Anthony's community control.
Anthony argues that reversal of the revocation is required because the electronic monitoring was improperly imposed and any evidence obtained or flowing from the monitoring should have been excluded by the trial court. He acknowledges that he did not object to the admission of the State's evidence, but he argues that the trial court committed fundamental error in allowing the evidence. We conclude that the trial court erred to the extent that it revoked Anthony's community control based on the finding of violations of conditions 1, 5, and 77; however, the trial court did not err in allowing the evidence or in determining that Anthony had violated condition 12.
In deciding whether to revoke a defendant's community control, the trial court must determine whether the facts and circumstances of the case demonstrate a willful and substantial violation that is supported by the greater weight of the evidence. State v. Carter, 835 So.2d 259, 261 (Fla.2002). The trial court has broad discretion to determine whether a willful and substantial violation occurred, and on appeal, the standard of review is whether the trial court abused its discretion. Id. at 262.
During the revocation hearing, the trial court indicated that it would not consider the alleged violation of conditions 1 and 5, and no competent, substantial evidence was presented to establish any violation of those conditions. Accordingly, the trial court abused its discretion by finding that Anthony violated conditions 1 and 5 of his community control.
Concerning the alleged violations of condition 77 for failure to submit to electronic monitoring, section 948.03(3)(a)(1), Florida Statutes (2000), provides that "[t]he Department of Corrections may, at its discretion, electronically monitor an offender sentenced to community control." However, this provision does not give the Department the authority to impose electronic monitoring as a condition of community control. Carson v. State, 531 So.2d 1069, 1070 (Fla. 4th DCA 1988). Additionally, the community control order in the lewd acts case indicates that electronic monitoring may be imposed when recommended by the Department and ordered by the court. Because the trial court never ordered electronic monitoring, it did not *748 become a condition of Anthony's community control. Therefore, his failure to continually submit to electronic monitoring was not a basis to revoke his community control. See id. at 1069-70.
As to the violations of condition 12 for failing to remain confined to his residence or at an approved activity, the record contains competent, substantial evidence that Anthony violated that condition on three occasions. Anthony suggests that the trial court's admission of evidence gathered as a result of electronic monitoring was fundamental error. We disagree.
By failing to object at the revocation hearing, Anthony failed to preserve the issue and he waived his right to claim on appeal that the evidence was erroneously admitted. See Green v. State, 711 So.2d 69, 70 (Fla. 4th DCA 1998); Newman v. State, 676 So.2d 40, 41 (Fla. 3d DCA 1996). Additionally, based on all of the evidence contained in the record, any error does not rise to the level of fundamental error. See Newman, 676 So.2d at 41.
Because it is unclear from the record whether the trial court would have revoked Anthony's community control based solely upon the three violations of condition 12, we reverse the order revoking Anthony's community control. We remand this matter so that the trial court may reconsider whether to revoke Anthony's community control based upon the violations of condition 12 and, if so, the sentences to be imposed. See Blair v. State, 805 So.2d 873, 878 (Fla. 2d DCA 2001).
Turning to Anthony's motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(b) in case number 99-3828, Anthony argued in ground 1 that there was an insufficient factual basis to support the assessment of 138 sexual penetration and sexual contact points on his sentencing guidelines scoresheet. He claimed that the improper assessment of the points increased his sentence.
The sentencing scoresheet includes 120 points for counts 1, 2, and 3 for sexual penetration and 18 points for count 4 for sexual contact. However, at the time that Anthony pleaded guilty to the four counts of lewd and lascivious acts, he objected to the scoring of 120 points for sexual penetration.
At the plea hearing, the State provided the following factual basis in support of the plea:
Between May the 24th of 1994 and March the 4th of 1994[sic] with regards to Counts 1, 2, and 3, the defendant engaged in penis to vagina sex with the listed victim in this case.
With regard to Count 4 between May 24th of 1994 and March the 4th of 1999, the defendant forced the victimthe listed victim in this case to touch and/or fondle his penis. At the time that this occurred, the victim was under the age of 16.
We find no error as to the scoring of 18 points for sexual contact as to count 4. However, Anthony is correct that the statement that there was "penis to vagina sex" could be interpreted as either penetration of or union with the victim's vagina.
Penetration and union are not synonymous terms. See Wright v. State, 739 So.2d 1230, 1234 (Fla. 1st DCA 1999). As this court has stated, "[u]nion permits a conviction based on contact with the relevant portion of anatomy, whereas penetration requires some entry into the relevant part, however slight." Richards v. State, 738 So.2d 415, 418 (Fla. 2d DCA 1999). Because the factual basis is equivocal and Anthony challenged the scoring for penetration, we conclude that the trial *749 court erred in summarily denying ground 1 of his motion to correct sentence. If, on remand, the trial court again revokes Anthony's community control, then the State must establish sexual penetration in order for those points to be included on the sentencing scoresheet; otherwise, points shall only be included for sexual contact. See Kiser v. State, 810 So.2d 1038, 1039 (Fla. 2d DCA 2002).
Affirmed in part, reversed in part, and remanded.
CASANUEVA and CANADY, JJ., Concur.