PER CURIAM.
M.M. appeals a delinquency disposition order entered after a violation of probation hearing. There was insufficient evidence to support findings of violations as to all of the allegations except the failure of appellant to remain in contact with his probation officer. The failure to file a single monthly report may, in certain circumstances, justify probation revocation if such failure is willful and substantial and supported by the greater weight of the evidence. See State v. Carter, 835 So.2d 259, 261 (Fla.2002).
Here, there was insufficient evidence to support the other violations and the court did not state which violations it relied upon to revoke appellant’s probation. Therefore, we remand the case to the circuit court to consider whether it would still violate appellant’s probation based on the one ground for which there was sufficient evidence. See Oates v. State, 872 So.2d 351 (Fla. 2d DCA 2004); Thompson v. State, 710 So.2d 80 (Fla. 4th DCA 1998) (where evidence insufficient to find that defendant violated two conditions of probation, case remanded for circuit court to determine if violation of remaining conditions warranted revocation of probation).
GUNTHER, POLEN and GROSS, JJ., concur.