FARNELL, DEE ANNA, Associate Judge.
Laura Sostre challenges the revocation of her community control. Because two of the four alleged violations were not supported by competent, substantial evidence, we reverse and remand for further consideration.
On November 8, 2004, Ms. Sostre pleaded guilty to purchasing cocaine and obstructing or opposing an officer with violence. On March 3, 2005, the trial court sentenced her to fifteen years’ imprisonment on the first count and five years’ imprisonment on the second count, concurrent. The sentence was suspended, and she was placed on two years’ community control to be followed by three years’ probation.
On September 15, 2005, Ms. Sostre’s community control officer (CCO) filed an affidavit alleging one violation of condition twelve and three violations of condition nine of her community control. The relevant provisions state:
9. You will promptly and truthfully answer all inquiries directed to you by the court or your officer, and allow the officer to visit you in your home, at your employment site or elsewhere, and you will comply with all instructions your officer may give you.
⅜: ⅜; ⅜ ⅜
12. You will remain confined to your approved residence except for one-half hour before and after your approved employment, public service work or any other special activities approved by your community control officer.
In count one of the affidavit of violation, the CCO alleged that Ms. Sostre had violated condition twelve by failing to remain confined to her approved residence. This allegation was based on the CCO’s personal observation of Ms. Sostre away from her approved residence at an unauthorized time and an interview with Ms. Sostre’s brother, who stated that he did not know where his sister was. Counts two through four of the affidavit alleged three violations of condition nine based on failing to comply with all lawful instructions of the community control officer by not being at home without permission, lying about her whereabouts by stating, “I was at home sleeping” when the CCO had personally seen her outside on a public street at that time, and lying about her whereabouts by telling her CCO that she had been sleeping *772 at a neighbor’s house. The pertinent date of these violations was September 7, 2005.
With respect to count three of the affidavit, the record contains no evidence supporting the allegation that Ms. Sostre made the statement, “I was at home sleeping.” The CCO’s affidavit explains that Ms. Sostre’s brother called and left a message on the CCO’s office phone stating that Ms. Sostre was at home asleep. The CCO’s testimony at the violation hearing was the same: “He left a message at the office saying that she was sleeping in the back ... I knew he was lying because I had just seen her walking up the street.” Nowhere in the CCO’s testimony does she say that Ms. Sostre told her she was asleep in her own house; this conclusion appears to be based entirely on the statement of Ms. Sostre’s brother. Therefore, the trial court’s finding that Ms. Sostre violated condition nine by claiming she was home sleeping was not supported by competent, substantial evidence.[1]
With respect to count four of the affidavit, the CCO testified that Ms. Sostre called her on September 8, 2005, and told her she had been sleeping at a neighbor’s. At the hearing, the CCO stated, “She was just trying to explain to me where she was. She said she was sleeping at a neighbor’s .... So then I—when she called me I just told her I didn’t want to talk to her.... ”
Ms. Sostre testified that after she left the CCO’s office on September 7, 2005, she went home, but her brother wouldn’t let her in the house so she went to a neighbor’s house. She had left the neighbor’s house and was enroute to her home when the CCO observed her on the street. When she arrived home, her brother informed her that the CCO had just been there.
The CCO testified only that she had spoken with Ms. Sostre’s brother and determined that Ms. Sostre was not at home and later saw Ms. Sostre on the street. This observation does not refute Ms. Sos-tre’s claim that she had slept at a neighbor’s residence. In fact, based on the record, the statement was more likely true than not. As such, the trial court’s finding that Ms. Sostre violated condition nine by claiming she was sleeping at a neighbor’s residence was not supported by competent, substantial evidence.
In order to revoke a defendant’s community control, a violation must be willful and substantial and must be supported by the greater weight of the evidence. Anthony v. State, 854 So.2d 744, 747 (Fla. 2d DCA 2003). We conclude that counts three and four of the CCO’s affidavit alleging violations of condition nine by lying to the CCO are not supported by the evidence in this record.
The trial court’s order states only that it found Ms. Sostre in violation of conditions nine and twelve but fails to delineate upon which of the four counts in the violation affidavit the trial court relied in reaching its decision. However, the trial court stated during the hearing that it found Ms. Sostre in willful violation of all the conditions alleged in the affidavit. Because it is unclear from the record whether the trial court would have revoked Ms. Sostre’s community control based solely upon the violations of counts one and two of the affidavit, the order must be reversed. Davis v. State, 862 So.2d 931, 934-35 (Fla. 2d DCA 2004). On remand, the trial court may reconsider whether to revoke Ms. Sostre’s community control *773 based upon the remaining two violations and, if so, the sentence to be imposed.
Affirmed in part, reversed in part, and remanded.
SILBERMAN and CANADY, JJ., Concur.

. We also express concern regarding the CCO's apparent willingness to attribute to Ms. Sostre, in quotes, a statement that Ms. Sostre, according to the record, never made.