CASE, JAMES R., Associate Senior Judge.
Roscoe Brown appeals the revocation of his probation following a curfew violation. Because the trial court abused its discretion, we reverse the revocation and remand for reinstatement of Brown’s probation.
Brown was charged on October 21, 2003, with lewd and lascivious molestation on a fifteen-year-old involving brief, noncoer-cive, nonthreatening, and nonforceful contact. Brown entered an open plea and was sentenced to five years of incarceration followed by five years of probation. After serving the incarceration portion of his sentence, Brown was released on probation on November 26, 2008.
On July 21, 2010, after almost two years of probation without incident, Brown was not home when his probation officer arrived to conduct a curfew check. As the probation officer began to leave, Brown’s vehicle came around the corner, heading home. Brown spoke with the probation officer and admitted to arriving home twenty-five or thirty minutes beyond his curfew. He explained that he was out picking up job applications at his brother’s house, approximately a seven- to twelve-minute drive away, and that he missed his curfew because his brother had been running late. The probation officer searched Brown’s vehicle and his residence and found nothing illegal. The officer then notified Brown that she would be filing an affidavit of probation violation for being out past curfew. Later, when the probation officer advised Brown to turn himself in to the police rather than waiting to be arrested, he did so.
At the hearing on the violation, Brown’s probation officer testified that during the entire time Brown was on probation, he had participated satisfactorily in his sex offender counseling, had passed every drug test he had been given, was employed or working towards employment, had successfully kept driving logs, had not missed any of his court-ordered payments toward his sex offender counseling, and had not incurred any new law violations. Both Brown and his brother provided testimony that corroborated Brown’s assertions made on the night of the violation. Brown admitted to being out past curfew on this one occasion but argued the violation was not substantial.
The judge found Brown guilty of the probation violation, concluding that the State had “proven by competent substantial evidence that the defendant ... has violated his conditions of probation, specifically his curfew.” The judge also stated “This Court considers all terms of probation serious and ... curfew conditions extremely serious.” Consequently, the judge *1227 sentenced Brown to thirteen years of incarceration.[1] Brown timely appealed.
In order to revoke a defendant’s probation, the facts of the case must “demonstrate a willful and substantial violation that is supported by the greater weight of the evidence.” Anthony v. State, 854 So.2d 744, 747 (Fla. 2d DCA 2003). In reviewing a revocation of probation, the appropriate standard is abuse of discretion. Id. Thus, the appellate court’s task is to “determine whether or not the trial court acted in an arbitrary, fanciful or unreasonable manner in determining that [the defendant's violation was both willful and substantial.” State v. Carter, 835 So.2d 259, 262 (Fla.2002). The Florida Supreme Court has held that it is an abuse of a court’s discretion to apply a per se rule that certain single violations are not substantial as a matter of law. Id. at 261. This is because “[s]ueh a per se rule strips the trial court of its obligation to assess any alleged violations in the context of a defendant’s case.” Id. Instead, courts must consider each violation on a case-by-case basis to determine whether it is substantial.
Although the trial court has broad discretion in revocation proceedings, the decision to revoke a defendant’s probation should be made “only when the probation violation is both willful and substantial so as to indicate that probation will not work for that defendant.” Id. at 262; see also Ortiz v. State, 54 So.3d 1020, 1022 (Fla. 2d DCA 2011) (reinstating probation because the violation “did not demonstrate that [the probationer] was unfit for probation”). Otherwise, “[t]here may be circumstances where revocation is patently unfair.” Carter, 835 So.2d at 262.
On appeal, Brown argues that the trial court abused its discretion in revoking his probation. Brown admits that he violated his probation and concedes that it was willful, but argues that it was insubstantial. On the record before us, we cannot help but agree.
At the time of the violation, Brown had completed nearly two years of his probation without incident. He was not charged with, nor have there been allegations of, any'new law violations. Brown’s probation officer testified at the hearing that Brown had been in complete compliance with the terms of his probation leading up to the single curfew violation, even though the officer conducted a minimum of two random visits per month. She conceded that shortly after advising him to do so, Brown turned himself in to the police for his violation. And although the curfew violation was certainly not unavoidable, Brown’s reason for being late was innocuous — he was returning from his brother’s house where he had driven briefly to pick up job applications.[2]
Additionally, a letter from Brown’s sex therapist was introduced into evidence which characterized Brown as an “active participant” in therapy who had made satisfactory progress and “was fully capable of successfully completing treatment.” Further, the letter indicated that Brown’s recidivism estimate was in the “Low” risk category and that, in his therapist’s professional opinion, the curfew violation at issue did not in any way increase Brown’s level *1228 of risk. No evidence was presented to rebut these assertions.
 On this record, there is simply no basis for the conclusion that Brown is unfit for probation. In addition to revocation being “patently unfair” on these facts, the trial court abused its discretion. First, the trial judge concluded at the revocation hearing that the State had “proven by competent substantial evidence that the defendant ... has violated his conditions of probation.” As noted above, however, the State’s burden was actually to prove its case by the greater weight of the evidence. See Anthony, 854 So.2d at 747. The trial judge thus “failed to perceive the difference between the burden of proof on a party and the legal requirement that findings of fact shall be sustained if supported by competent, substantial evidence.” Pic N’ Save Cent. Fla., Inc. v. Dep’t of Bus. Regulation, Div. of Alcoholic Beverages & Tobacco, 601 So.2d 245, 249 (Fla. 1st DCA 1992). Although related, “[tjhese are two quite different concepts.” Id.
More important, however, the trial court appears to have applied a prohibited per se rule in revoking Brown’s probation. In broadly declaring all terms of probation “serious,” the trial court seems to have believed revocation was automatically appropriate because a curfew violation had been proven. The trial judge made no findings on willfulness or substantiality other than his blanket assertion that all curfew violations are “extremely serious.” This was an abuse of discretion because the trial court revoked Brown’s probation without addressing the violation in the context of his case. Properly viewed, the facts of Brown’s case do not support revocation. Accordingly, we reverse the order revoking Brown’s probation and remand with directions that Brown’s probation be reinstated.
Reversed and remanded with directions.
NORTHCUTT and MORRIS, JJ., Concur.

. Brown later filed a motion to correct sentencing error, which was granted. The sentence was amended so that the five-year sentence that Brown originally served would count toward his new thirteen-year sentence.

. Brown was required to pursue gainful employment as a condition of his probation. Notably, he was hired after submitting one of the applications he violated his curfew to procure.