# Third District Court of Appeal

## State of Florida

Opinion filed July 26, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0703
Lower Tribunal No. F16-18813
_____

**Manuel Alberto Gallardo,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Carlos J. Martinez, Public Defender, and Maria E. Lauredo, Chief Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Kseniya Smychkouskaya, Assistant Attorney General, for appellee.

Before EMAS, MILLER, and BOKOR, JJ.

MILLER, J.

Appellant, Manuel Alberto Gallardo, challenges the revocation of his probation and resultant sentence for the underlying crimes of armed robbery, attempted armed robbery, and possession of a firearm by a convicted felon. On appeal, Gallardo concedes the State proved he violated his probation by committing lewd or lascivious exhibition in the presence of an employee at a state correctional facility. He contends, however, that the trial court relied solely on hearsay evidence in further finding him in violation for associating with a person engaged in criminal activity and committing burglary of an unoccupied conveyance. Finding the hearsay was sufficiently corroborated, we affirm.

## BACKGROUND

Gallardo, a habitual violent felony offender, accepted a negotiated plea offer consisting of consecutive local jail terms followed by ten years of reporting probation with several specified conditions. Shortly after the probationary term commenced, the State filed an affidavit alleging Gallardo violated his probation by associating with a person engaged in criminal activity and committing the offenses of burglary and lewd exhibition. Gallardo entered a general denial and the violation proceeded to a hearing.

At the hearing, the State established Gallardo committed lewd exhibition and called several witnesses to testify regarding the burglary. The

2

burglary victim testified she was informed by her neighbors that a couple ransacked her vehicle and opened the hood. She obtained a description of the suspects, and after catching sight of a duo matching the description, she reported the crime to a 911 dispatcher.

Two police officers were dispatched to the area. They arrived moments later and observed Gallardo and a companion, Sarah Figueredo, in the immediate vicinity. Noting the pair matched the dispatch description, the officers effected a detention. The victim identified them as the couple she saw in the immediate aftermath of the crime. The officers observed the vehicle to be in a state of disarray, and Gallardo was placed under arrest. A search of his person yielded the victim's vehicle registration in his pocket.

Gallardo confirmed he was placed on a probation after accepting a negotiated plea. He was aware of the terms of his probation, and he admitted Figueredo was his girlfriend. He further conceded that she engaged in criminal activity, but he asserted his innocence, stating, "I got caught up in—in—in—yeah, I got caught up in it."

At the conclusion of the hearing, the trial court found Gallardo violated his probation by associating with a person engaging in criminal activity and committing burglary and lewd exhibition. The court revoked his probation

and sentenced him to twenty-five years in prison with a fifteen-year minimum mandatory. The instant appeal followed.

## ANALYSIS

Trial judges enjoy broad discretion in determining whether to revoke probation. Nonetheless, probation revocations must be examined on a case-by-case basis to determine whether the facts and circumstances of a particular violation are willful, substantial, and supported by competent, substantial evidence. State v. Carter, 835 So. 2d 259, 261 (Fla. 2002); see also Russell v. State, 982 So. 2d 642, 647 (Fla. 2008) ("[T]he trial court must assess the credibility of the particular witnesses, the reliability of the available evidence, and the totality of the evidence under the circumstances in each individual case.").

Hearsay is admissible and relevant in probation revocation hearings but cannot, standing alone, establish a violation. J.T.J. v. State, 353 So. 3d 1175, 1180 (Fla. 4th DCA 2022). Whether non-hearsay evidence is sufficient to support a finding of violation is "dependent upon the unique facts and circumstances of each case." Russell, 982 So. 2d at 647. In this context, "[c]orroboration of every aspect should not be required in order to establish that the probationer committed a [crime] for the purpose of revoking probation." Id.; see also Sinclair v. State, 995 So. 2d 552, 553 (Fla. 3d DCA

4

2008) (holding drug identification by the arresting officer at a probation violation hearing was sufficient to revoke probation, even though the State did not introduce a lab report).

Here, the State relied upon hearsay evidence. Non-hearsay evidence, however, corroborated the hearsay evidence. The burglary victim recounted her own personal observations of the suspects in the immediate aftermath of her contact with her neighbors, and the State introduced the audio and certified translation of the 911 call. The officers testified that they located Gallardo and Figueredo in the vicinity of the crime minutes after the burglary occurred, and the victim's registration was retrieved from Gallardo's pocket. Gallardo himself conceded he was "caught up" in certain events, and that Figueredo, his girlfriend, was convicted of burglary.

This evidence both implicated Gallardo in the burglary and established he associated with a person engaged in criminal activity. See, e.g., Sims v. State, 354 So. 3d 1159, 1163–64 (Fla. 1st DCA 2023) (finding non-hearsay evidence of officer's direct testimony sufficiently corroborated the hearsay evidence presented); Nugent v. State, 45 So. 3d 528, 531–32 (Fla. 4th DCA 2010) (concluding officers' and victim's non-hearsay testimony coupled with hearsay evidence provided trial judge with adequate evidence to revoke probationer's probation); State v. Queior, 191 So. 3d 388, 394 (Fla. 2016)

(quoting <u>Bell v. State</u>, 179 So. 3d 349, 358 (Fla. 5th DCA 2015)) (alteration in original) (holding no abuse of discretion in trial court's finding that probationer violated his probation when "hearsay evidence regarding the independent confirmatory [lab] test was corroborated by the probation officer's non-hearsay testimony regarding his field test results"). Accordingly, we conclude the hearsay was sufficiently corroborated, and we affirm the decision under review.

Affirmed.